## Commonwealth, et al. v. Prudential Life Insurance Company, et al.

(Decided September 18, 1912.)

### Appeal from the Jefferson Circuit Court (Chancery Branch, Second Division).

1. Taxation—Assessment of Omitted Property.—In a proceeding to assess property which has been omitted from taxation, property described as "cash on hand" and "cash on deposit," was sufficiently described to identify the property sought to be taxed.

2. Taxation—Construction of Statute.—The Kentucky statute which provides that all real and personal estate within this State, and all personal estate of persons residing in this State, shall be taxable under the laws of this State, does not apply to the property of non-residents when in this State only temporarily; in such a case the situs for the purpose of taxation is at the domicile of the owner.

3. Taxation—Assessment of Non-resident's Property.—Money or intangible property of a non-resident is subject to taxation in the State, in which it has an actual situs for business purposes, as when it is in the custody of an agent or fiduciary within the State who manages it, or controls it, by lending it out, investing it, collecting the interest and the like, or when it is the accumulation or income from the business done in the State, or when it has been placed permanently on deposit.

4. Taxation—Insurance Premiums—When Not Subject to Taxation in This State.—Where insurance premiums upon business done in Kentucky were collected in Kentucky, and deposited in a bank in Kentucky, where it only remained on deposit until, in the ordinary course of banking, it could be forwarded to the home office of the insurance company in a foreign State, such money is not liable to taxation in Kentucky, since the owner did not, by his conduct in relation to it, or his manner of doing business with it, give it what may be termed a permanent situs in Kentucky.

5. Taxation—Situs for Taxation.—The exception to the general rule that money and intangible property has only a situs for taxation at the residence of the owner is put distinctively upon the ground that the owner, by his conduct in relation to it, or his manner of doing business with it, has given it what may be termed a permanent situs, in some other State or locality. It is the permanent feature of the thing that gives the property its situs for taxation in some locality or State other than the residence of the owner.

MATT J. HOLT for appellant.

SAMUEL S. BLITZ for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is a proceeding by the Commonwealth under section 4260 of the Kentucky Statutes, to assess for taxation for the years 1909 and 1910, the following property alleged to have been then owned by the Prudential Life Insurance Company, and not returned by it for assessment and taxation, to-wit:

1. Cash on hand, $3,000.00.
2. Cash on deposit in bank, $7,648.00.
3. Accounts of the fair cash value of $15,000.00.
4. Choses in action of the fair cash value of $7,000.00.
5. Notes, secured and unsecured, of the fair cash value of $42,000.00.

The appellee is a non-resident corporation, with its chief office and place of business in Newark, New Jersey. It has, however, two branch offices in Louisville, which collect insurance premiums due the company, and deposit all such collections to the credit of the company in the Louisville National Banking Company, and in the Southern National Bank, in Louisville.

On September 1, 1908, these deposits amounted to

$4,747.17, and on September 1, 1909, to $2,007.49. The Louisville managers of the business had no authority to check upon these accounts; on the contrary, the deposits were made daily, and promptly transferred to the home office in Newark, by drafts drawn by the home office upon the Louisville banks. The expenses of maintaining the Louisville offices were paid by money forwarded from the Newark office. The money on deposit in the Louisville banks was the proceeds of business done by the company in Kentucky; and the accounts and notes are due by policy-holders for premiums for insurance issued by the Louisville offices, and collectible by and payable at said offices. In other words, the cash on hand, and the accounts and choses in action, represent the revenue received by the appellee upon that portion of its business which was transacted wholly within the State of Kentucky.

The circuit judge sustained a motion to require appellant to make more specific and definite each and every one of its allegations as to the personalty sought to be taxed; and, it having failed to do so, the proceeding was dismissed. The testimony, however, heard in the county court was, by agreement, read upon the trial in the circuit court.

Under the rulings of this court in Commonwealth v. Glover, 132 Ky., 604, and in Commonwealth v. The Kentucky Distilleries & Warehouse Company, 143 Ky., 319, the description of the first two items, consisting of "cash on hand" and "cash on deposit in bank," was sufficiently specific to identify the property sought to be taxed, and the circuit court should not have extended its order to those items. That ruling, however, becomes unimportant, in view of the final proper disposition of the case by the chancellor, and it is not now necessary to consider the effect of that ruling. The circuit court properly required the appellant to make the description of the third, fourth and fifth items of the statement more definite and certain, and properly dismissed that portion of the action upon appellant's failure to comply with that order.

The only question, therefore, here for review is this: Was the cash on hand and deposited in the banks of Louisville on September 1, 1908, and September 1, 1909, and belonging to this foreign corporation, subject to taxation in Kentucky?

Section 4020 of the Kentucky Statutes provides that all real and personal estate within this State, and all personal estate of persons residing in this State, shall be taxable under the laws of this State. Under that statute it has repeatedly been held by this court that choses in action, although representing debts owing by persons in this State, are not taxable here if the owner resides elsewhere. Commonwealth v. Haggin, 30 Ky. L. R., 788, 99 S. W., 706; Callahan, Sheriff, v. Singer Manufacturing Co., 29 Ky. L. R., 123, 92 S. W., 581; Commonwealth v. Northwestern Mutual Life Insurance Co., 32 Ky. L. R., 196, 107 S. W., 233.

It is insisted, however, that this money is subject to taxation in Kentucky under the rule laid down in Commonwealth v. R. G. Dun & Co., 126 Ky., 109. In that case, Dun & Co. conducted a commercial agency in New York, with an established sub-agency and office in Kentucky, which did a large business. The income from the Kentucky business was deposited in Kentucky banks, on which the manager drew checks for all current expenses, and at the end of each month, if there was any substantial balance on deposit, he would remit it to the New York office. In holding the money in bank, and the debts due Dun & Co., were personal estate subject to taxation in Kentucky, the court said:

"This court, however, in construing this statute, has determined that it does not apply to the property of non-residents when in this State temporarily; that in such a case the situs for the purpose of taxation is at the domicile of the owner. * * * But this court has never held that when a non-resident of this State establishes a business in this State, from which money is derived, and other property is accumulated, such property should be relieved from taxation. In our opinion, the accumulations from the business of appellee are not temporarily in this State, in the meaning of the decisions referred to. In this case, we have a non-resident with an established business, agents residing here who manage it, and an income of over $40,000.00 annually."

It will be noticed, however, that the decision in the Dun case was rested upon the ground that the deposit accrued from business carried on by Dun & Co., in this State, through an established agency in this State; and that only that part of the income that was not needed for the purposes of the business in Kentucky was trans-

mitted to the home office in New York. The question was elaborately reviewed in the late case of Hillman Land & Iron Co. v. Commonwealth, 148 Ky., 331. In that case, the Hillman Land & Iron Company, a Missouri corporation, with its home office and place of business in St. Louis, conducted large farming operations in Kentucky; and, in doing so, all money that was received from the proceeds of the farm were forwarded to the company in St. Louis, which, in turn, would send money to Kentucky to be deposited there in bank for the purpose of paying the current expenses of the farm. The State sought to tax this money thus on deposit in Kentucky for the temporary purpose of defraying the current expenses of the company. There, as here, the Commonwealth relied upon Commonwealth v. R. G. Dun & Co., above cited, but in response to that argument, the court said:

"In the Dun case, the decision that the deposit in bank was subject to taxation, was put upon the ground that the deposit accrued from business carried on by Dun & Co., in this State through an established agency in this State. In this case, the evidence shows that the money on deposit was not earned or accumulated in this State, but was sent here from another State for the purpose of being checked out to pay debts due by the non-resident. It was not the profit or accumulations of any business done in this State. If this money on deposit was the proceeds of the farming or business operations of the appellant in this State, then this case would be controlled by the Dun & Co. case." (148 Ky. p. 340.)

And, on page 342, the court further said:

"In the Dun case, in the Bluefield Banana Co. case, in the Houdayer case, in Blackstone v. Miller, 188 U. S., 189, 47 L. Ed., 439; New Orleans v. Stempel, 175 U. S., 309, 44 L. Ed., 174; Buck v. Beach, 206 U. S., 392, 51 L. Ed., 1106; Metropolitan Ins. Co. v. City of New Orleans, 205 U. S., 51 L. Ed., 853; State Assessors v. Comptoir Natl. D., &c., 191 U. S., 388, 48 L. Ed., 232; Liverpool & London Ins. Co. v. Board of Assessors, 221 U. S., 346, 55 L. Ed., 762; Commonwealth v. Peebles, 134 Ky., 121; Commonwealth v. West India Oil Ref. Co., 138 Ky., 828, and in many other cases decided by this and other courts, it has been firmly settled that money or intangible property of a non-resident is subject to

taxation in the State in which it has an actual situs for business purposes, as when it is in the custody of an agent or fiduciary within the State, who manages and controls it by lending it out, investing it, collecting the interest, and the like, or when it is the accumulation or income from the business done in the State, or when it has been placed permanently on deposit. But the principle applied in this class of cases does not reach the question we have before us. If the money sought to be taxed had been sent to this State to remain here on deposit, or was on deposit for permanent purposes, or if it was the accumulation or income derived from the business done in this State, or if it was sent here for the purpose of being invested, there would be no difficulty in holding that it was subject to taxation. But the uncontradicted evidence shows that no one of these conditions existed with respect to this money. It was the custom and practice of the resident agent of appellant to forward to it at St. Louis as soon as received all money collected by him from business in this State, and the custom and practice of the St. Louis office to send to the resident agent from time to time such amounts of money as were needed to defray current expenses, which was more than the amount derived from income in this State. Under this custom and practice, the money collected in this State only remained on deposit in this State until in ordinary course of banking it could be forwarded to the St. Louis office; and the money received from the St. Louis office only remained on deposit here until it was paid out to defray expenses, which was usually only a short time. None of the money thus transmitted to this State was invested here, or lent out, or kept here, except for the time and purposes stated. * * * The exception to the general rule that money and intangible property has only a situs for taxation at the residence of the owner is put distinctly upon the ground that the owner by his conduct in relation to it, or his manner of doing business with it, has given it what may be termed a permanent situs in some other State or locality. It is the permanent feature of the thing that gives the property its situs for taxation in some locality or State other than the residence of the owner.

"But, in ruling that this money was not subject to

taxation, we do not depart in any particular from the principle laid down in the Dun & Co. case.''

It thus appears that the only distinction that can be drawn between the case of Hillman Land & Coal Co. v. Commonwealth, and the case at bar is, that in the former case the money was sent from Missouri into Kentucky, where it was held for a temporary purpose, while in the case at bar the money was held in Kentucky for a temporary purpose, on its way to New Jersey. In other words, in either case the money was in transit at the action of the home office, and without any permanent situs in Kentucky. The controlling principle of the two cases is, therefore, identical. In neither case did the owner by his conduct in relation to it, or his manner of doing business with it, give it what may be termed a permanent situs in Kentucky.

We adhere to the rule announced in Hillman Land & Iron Co. v. Commonwealth, supra, which necessarily affirms the judgment of lower court.

Judgment affirmed.