William Everett FRYMAN, Sr., Appellant,

v.

ELECTRIC STEAM RADIATOR CORPORATION, Appellee.

Court of Appeals of Kentucky.

March 25, 1955.

Roger C. Womack, Carlisle, Samuel Milner, Paris, for appellant.

Robert H. Measle, Stilz, Rouse & Measle, Lexington, Bradley & Blanton, Paris, for appellee.

HOGG, Justice.

This is an action to recover damages for personal injuries brought pursuant to KRS 342.015(2). The portion material to this case reads as follows:

> "* * * If injury or death results to an employe through the deliberate intention of his employer to produce such injury or death, the employe or his dependents may take under this chapter, or in lieu thereof, have a cause of action at law against the employer * * *. If a suit is brought under this section, all right to compensation under this chapter shall thereby be waived as to all persons. * * *"

A motion to dismiss the complaint, filed by the defendant, was sustained by the court, and the case was dismissed. Hence, this appeal.

It is alleged in the complaint that both plaintiff (appellant) and defendant (appellee) were operating under the provisions of the Workmen's Compensation Act at the time of the injuries. The right of recovery at common law is based upon "deliberate intention" of the employer to produce the injury. Plaintiff was employed by defendant as the operator of a certain metal press. After setting forth the several formal allegations, it was alleged:

> "That the plaintiff is a skillful and cautious worker, and was acting with skill and caution at the time when his hand and arm *was* cut; and the defects of the machine were not readily ascertainable by the plaintiff, and he had not been on the machine long enough to witness this automatic tripping or operation of the machine; and that the machine was not provided with any safety devices for the protection of the operator; that the machine was not kept clean by the maintenance men; that the defendant had been notified on several occasions by previous operators of the machine that the machine was dangerous, and that it would trip itself, and that despite this warning and notice, the plaintiff was allowed to work on this machine, without knowledge of this defect, and without safety devices, and the defendant with deliberate intention injured this plaintiff."

The primary question is: Are all the facts set forth in the complaint, taken together, sufficient to constitute the charge of deliberate intention to injure, as provided in KRS 342.015(2)? We believe the answer must be in the negative for the reasons hereinafter set forth.

It seems to us that a fair construction of the complaint is that the machinery with which plaintiff worked was defective and dangerous, known to be such by defendant, and defendant permitted plaintiff to work under such dangerous conditions without warning or cautioning plaintiff, which alleged facts constituted deliberate intent on the part of defendant to injure plaintiff.

The complaint must be construed as a whole. The meaning expressed in the complaint is not that the machine was operated by defendant with the deliberate intent to injure plaintiff. On the contrary, plaintiff alleged specified acts which he concluded showed a "deliberate intention" to injure him. Clearly, the allegations are that the deliberate intention to injure arose from the specified acts or omissions set forth. The complaint is devoid of any charge that defendant determined to injure plaintiff. The phrase "deliberate intention" implies that the employer must have determined to injure the employee. We are, therefore, of the view that the allegations of the complaint are insufficient to bring the claim within the exclusion of KRS 342.015.

This particular section of the Act has not been specifically interpreted by this Court, and neither did the Legislature spell out its meaning. However, many states have workmen's compensation statutes very similar to ours and contain the exception identical to ours; namely, that liability at law exists where the injuries result through the deliberate intention of the employer. Most of the cases, if not all, from the other jurisdictions have interpreted the meaning of the phrase "deliberate intention" to be that the employer must have determined to injure an employee and used some means appropriate to that end, and there must be a specific intent. Biggs v. Donovan-Corkery Logging Co., 185 Wash. 284, 54 P.2d 235; Heikkila v. Ewen Transfer Co., 1931, 135 Or. 631, 297 P. 373; Jenkins v. Carman Manufacturing Co., 1916, 79 Or. 448, 155 P. 703; Brewer v. Appalachian Constructors, 1951, 135 W.Va. 739, 65 S.E.2d 87.

Appellant cites the case of Weis v. Allen, 147 Or. 670, 35 P.2d 478, and argues that this case supports his contention as to the meaning of the phrase "deliberate intention" to harm. We do not agree that the case supports plaintiff. In the Weis case, the employer set spring guns, or guards, in his premises. The guns were set up primarily for the purpose of injuring trespassers, but when they were set up it was known that they would injure anyone who might inadvertently or otherwise cause their discharge. The employer in that case had a deliberate intention to harm someone. In this case, there was no allegation in the complaint stating that there was any deliberate intent on the part of defendant to harm plaintiff or anyone else.

We have examined the other cases cited by appellant and fail to see where they have any application to this case.

Aside from the interpretation of the questioned phrase in other jurisdictions, it must be kept in mind that a well-known rule of construction is, where the words used in a statute are clear and unambiguous and express the legislative intent, there is no room for construction and the statute must be accepted as it is written. Commonwealth v. Glover, 132 Ky. 588, 116 S.W. 769.

The judgment of the circuit court dismissing the complaint is affirmed.