James McCRAY, Administrator of the Estate of Rex Devere McCray, Appellant,

v.

DAVIS H. ELLIOTT COMPANY, Inc., et al., Appellees.

Court of Appeals of Kentucky.

Oct. 6, 1967.

Davis Williams, Munfordville, for appellant.

Norman A. Curtis, Louisville, for appellees.

DAVIS, Commissioner.

The administrator of the estate of Rex Devere McCray seeks a reversal of a judgment dismissing his claim for wrongful death of the decedent pursuant to KRS 411.-130. The trial court granted summary judgment on the ground that the appellant's decedent met his death during the course and scope of his employment by the appellee, Davis H. Elliott Company, Inc., at a time when both the decedent and his employer were covered by the provisions of the Workmen's Compensation Act. KRS Chapter 342.

It is provided by KRS 342.015(2) as follows:

"If injury or death results to an employe through the deliberate intention of his employer to produce such injury or death, the employe or his dependent as herein defined shall receive the amount provided in this chapter in a lump sum to be used, if desired, to prosecute the employer. The dependents may bring suit against the employer for any amount they desire. If injury or death results to an employe through the deliberate intention of his employer to produce such injury or death, the employe or his dependents may take under this chapter, or in lieu thereof, have a cause of action at law against the employer as if this chapter had not been passed, for such damage so sustained by the employe, his dependents or personal representatives as is recoverable at law. If a suit is brought under this section, all right to compensation under this chapter shall thereby be waived as to all persons. If a claim is made for the payment of compensation or any other benefit provided by this chapter, all rights to sue the employer for damages on account of such injury or death shall be waived as to all persons."

Appellant asserts that he is entitled to maintain this wrongful death action because the actions of the employer and decedent's fellow employee, appellee Shoulders, constituted "deliberate intention of his employer to produce" the injury and death of the employee.

The allegations of the complaint seek to equate wanton and gross negligence with "deliberate intention" as used in KRS 342.-015(2). The alleged "deliberate intention" of the appellees is couched in this language in the complaint:

"* * * the defendant, Davis H. Elliott Company, acting by and through its agents, servants and employees, did intentionally direct and order and command the decedent, Rex Devere McCray, to work on a tall pole in such an extremely dangerous and hazardous place in close proimity (sic) to a highly charged wire carrying many thousands of volts of electricity, well knowing at the time that the said Rex Devere McCray was an appren-

tice electrician and did not have the experience necessary to appreciate the danger and risk to his person in working in such an extra-hazardous position, and did fail to equip him with the proper equipment to handle and kill the live wires with which he was working. By said acts the defendants did deliberately intend to cause the decedent to come in contact with a highly charged wire, from which contact the decedent was electrocuted and did die of said electrical burns and shock on the 23rd day of November, 1963 to the damage of his estate in the sum of $172,000.00."

Such allegations do not entitle the employee's administrator to maintain this action at law in lieu of the remedies afforded by the Workmen's Compensation Act. See Fryman v. Electric Steam Radiator Corporation, Ky., 277 S.W.2d 25.

Since appellee Shoulders was a fellow employee of the decedent, the provisions of KRS 342.015 preclude the action against Shoulders as well as the action against the Elliott Company. Miller v. Scott, Ky., 339 S.W.2d 941.

The judgment is affirmed.

All concur.