RENDERED: JULY 15, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0474-MR

ADRIENNE HOWELL						APPELLANT

v.					APPEAL FROM JEFFERSON CIRCUIT COURT
						HONORABLE ANN BAILEY SMITH, JUDGE
						ACTION NO. 18-CI-001298

FATHER MALONEY'S BOYS'
HAVEN, INC. D/B/A/ FATHER
MALONEY'S BOYS AND GIRLS
HAVEN; AND JEFF HADLEY, IN
BOTH HIS OFFICIAL AND
INDIVIDUAL CAPACITY						APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND L. THOMPSON, JUDGES.

ACREE, JUDGE: Appellant, Adrienne Howell, appeals the Jefferson Circuit

Court order granting Appellees' CR[1] 12.02(f) motion to dismiss for failure to state

a claim upon which relief may be granted. After careful review, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

# BACKGROUD

We note at the outset that because Howell appeals the granting of a CR 12.02(f) motion, we need only address the facts as they appear in Howell's complaint. For purposes of this appeal, we will treat all facts Howell pleaded as true. *See Pike v. George*, 434 S.W.2d 626, 627 (Ky. 1968).

On March 7, 2017, Robert Brown Lester attacked Adrienne Howell. Lester choked Howell unconscious and sodomized her in a secluded barn. At the time, Lester resided at Father Maloney's Boys and Girls Haven, which provided treatment and crisis stabilization for at risk youth in the custody of the Cabinet for Health and Family Services. As a part of its services, the Haven maintained a barn on its campus and provided equine services and therapy to the children. Appellees employed Howell in the barn as an equine specialist.

At the time of the attack, Appellees had recently hired Howell, and Howell pleaded they failed to properly train her. The Haven did not give her training on personal security or self-defense and failed to inform her of children who posed a security risk to her. Although the Haven knew of Lester's violent predilections, the Haven never informed Howell of Lester's behavioral issues or background. The Haven even gave Lester a permit to be in the barn without supervision to help Howell, despite Lester being in a violent altercation six days before receiving the permit. Howell also pleaded the Haven knew of the security

risks associated with the barn but failed to take appropriate steps to cure those defects.

After Lester attacked her, Howell filed a claim for workers' compensation. The presiding administrative law judge approved settlement of Howell's claim, finding her injuries were work-related. Accordingly, Howell received the exclusive remedy contemplated in the KWCA[2] for injured workers. After this, Howell commenced the action now before this Court on appeal.

For purposes of this appeal, Howell sued the Haven and the Haven's CEO under KRS[3] 342.610(5). Normally, receiving benefits under the KWCA precludes an injured worker from seeking further damages via lawsuits. Howell argued KRS 342.610(5) creates an exception to the exclusive remedy under the KWCA. More specifically, pursuant to KRS 342.610(5), Howell argues the Haven's knowledge of Lester's violent past, coupled with the Haven's numerous omissions, are evidence of Appellees' deliberate intention to cause the injuries she suffered. The consequence of this, Howell claims, is that if the employer had deliberate intention to cause Howell's injuries, then she is permitted to receive benefits under the KWCA *and* sue the employer in a civil action.

---

[2] Kentucky Workers' Compensation Act.

[3] Kentucky Revised Statutes.

Pursuant to CR 12.02(f), the circuit court dismissed Howell's claims against Appellees on grounds that Howell failed to prove Appellees had a deliberate intention to cause her injuries. Additionally, the circuit court disagreed with Howell's interpretation of KRS 342.610(5), stating KRS 342.610(5) does not create the exception Howell believes to exist. Without the exception, the KWCA precluded her from suing her employer as she already settled her claim through the KWCA. Thus, the circuit court concluded, there existed no grounds upon which the court could grant Howell relief and dismissed Howell's case pursuant to CR 12.02(f).

This appeal follows.

## STANDARD OF REVIEW

Appellate courts review CR 12.02(f) motions to dismiss *de novo*. *Hardin v. Jefferson Cty. Bd. of Educ.*, 558 S.W.3d 1, 5 (Ky. App. 2018). The purpose of CR 12.02(f) is to test the sufficiency of the complaint, *id.* (citing *Pike*, 434 S.W.2d at 627), granting the motion only if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *James v. Wilson*, 95 S.W.3d 875, 883 (Ky. App. 2002). When making this determination, CR 12.02(f) requires us to accept as true the plaintiff's factual allegations and draw all reasonable inferences in the plaintiff's favor. *Pike*, 434 S.W.2d at 627.

-4-

# ANALYSIS

Howell argues she pleaded sufficient facts to prove relief under KRS 342.610(5). Pursuant to KRS 342.610(5):

> If injury . . . results to an employee through the deliberate intention of . . . her employer to produce such injury . . . , the employee . . . shall receive the amount provided in this chapter in a lump sum to be used, if desired, to prosecute the employer. . . . If injury . . . results to an employee through the deliberate intention of . . . her employer to produce such injury . . . , the employee . . . may take under this chapter, or in lieu thereof, have a cause of action at law against the employer as if this chapter had not been passed, for such damage so sustained by the employee . . . as is recoverable at law. If a suit is brought under this subsection, all right to compensation under this chapter shall thereby be waived as to all persons. If a claim is made for the payment of compensation or any other benefit provided by this chapter, all rights to sue the employer for damages on account of such injury . . . shall be waived as to all persons.

Howell argues Appellees had deliberate intent to cause her injuries as demonstrated by their various omissions and, thus, she may receive the exclusive remedy under the KWCA and sue Appellees to compensate her for her injuries. Assuming *arguendo* we agree with Howell's position – treating her statutory interpretation as a pleaded fact – Howell's argument still fails. This is because even if we consider all Howell's facts pleaded to be true, she still fails to prove Appellees acted with deliberate intention. Consequently, we need not construe,

nor interpret KRS 342.610(5) for purposes of this appeal, and we expressly decline to do so.[4]

For an employer to act with deliberate intention, "the employer must have determined to injure an employee and used some means appropriate to that end, and there must be a specific intent." *Fryman v. Elec. Steam Radiator Corp.*, 277 S.W.2d 25, 27 (Ky. 1955) (citations omitted). The Kentucky Supreme Court quoted Florida courts, alluding that deliberate intention exists in "'[t]he defendant who acts in the belief or consciousness that the act is causing an appreciable risk of harm to another may be negligent, and if the risk is great the conduct may be characterized as reckless or wanton, but it is not an intentional wrong.'" *Moore v. Env't Constr. Co.*, 147 S.W.3d 13, 16-17 (Ky. 2004) (quoting *Williamson v. Water Mania, Inc.*, 721 So.2d 372, 373 (Fla. Dist. Ct. App. 1998) (citing *Fisher v. Shenandoah Gen. Constr. Co.*, 498 So.2d 882, 884 (Fla. 1986))).

In *Fryman*, the plaintiff-employee alleged the defendant-employer had deliberate intent to harm him through the defendant's omissions and knowledge of

---

[4] We do note the Kentucky Supreme Court interpreted the latter half of KRS 342.610(5) as meaning:

> This section of the statute gives the injured employee or the dependent or personal representative of a deceased employee an election as to the form in which to proceed. It does not afford an opportunity to proceed in both forms and elect the judgment or award that is most beneficial. As a consequence of such election, the plaintiff in a civil action is forever excluded from any remedy under Chapter 342 of the Workers' Compensation Act.

*Zurich American Ins. v. Brierly*, 936 S.W.2d 561, 562 (Ky. 1996).

dangerous machinery. *Fryman*, 277 S.W.2d at 26. In his pleadings, the plaintiff alleged the defendant knew of defects in dangerous machinery operated by the plaintiff, the defendant failed to cure the defect or inform plaintiff, and thus, when the plaintiff became injured, the defendant-employer acted with deliberate intent. *Id.* This Court held these omissions alone did not constitute deliberate intention for purpose of KRS 342.610(5),[5] and the plaintiff's complaint could not overcome a CR 12.02(f) motion. *Fryman*, 277 S.W.2d at 26.

In *Moore*, the Kentucky Supreme Court held deliberate intention did not exist when an employee died of asphyxia after walls of a tunnel collapsed on him. *Moore*, 147 S.W.3d at 14. The employer failed to properly support the tunnels, as required by applicable regulations, and the employer knew it was in violation of applicable regulations. *Id.* at 14-15. The Kentucky Supreme Court held the employer was entitled to judgment notwithstanding the verdict because even if all plaintiff's fact were true, they did not prove the employer acted with deliberate intention. Thus, we conclude, from both *Fryman* and *Moore*, omissions and knowledge of the danger, alone, are not sufficient to plead deliberate intention under KRS 342.610(5) when employees solely seek relief from work-related injuries under KRS 342.610(5).

---

[5] In *Fryman*, the question was whether the employee could sue the employer or had to pursue relief under the KWCA. *Fryman*, 277 S.W.2d at 26. Whether the employee could seek relief under both avenues was not at issue in *Fryman*.

Here, construing all Howell's pleaded facts as true, she fails to allege facts sufficient to show Appellees' omissions and knowledge constitute deliberate intention. Like the employees in *Fryman* and *Moore* who supported deliberate intention claims with only omissions and knowledge of danger, Howell similarly only alleges mere omissions and knowledge of the danger that led to her injuries. Additionally, like the employee in *Fryman*, Howell does not allege Appellees intended to cause her harm through their actions. Howell does not plead, nor allege facts, to support a conclusion the Appellees intended to harm her, even construing all she pleaded as true.

The facts Howell pleads, which we take as true for purposes of our review, do not prove deliberate intention (as that term is used in the statute) to facilitate Lester's assault. Because proving that fact was a predicate to any claim not precluded by the KWCA, her complaint fails to state a claim upon which relief can be granted.

## **CONCLUSION**

The circuit court did not err by granting Appellees' CR 12.02(f) motion. Accordingly, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Christina R. L. Norris
Louisville, Kentucky

B. Keith Saksefski
Louisville, Kentucky

BRIEF FOR APPELLEES:

James P. Grohmann
Joseph C. Klausing
Louisville, Kentucky