## STANDARD ACC. INS. CO. v. CHERRY.

### No. 4175.

Court of Civil Appeals of Texas. Texarkana.

April 5, 1932.

Rehearing Denied April 21, 1932.

See, also, 36 S.W.(2d) 807, 40 S.W.(2d) 873.

the company proofs of loss for the second period claimed in the petition of 33⅗ weeks. It is the well-settled rule that, in order to justify a recovery under the policy, it is essential that the insured comply with the stipulations therein requiring proofs of loss to be given. In the special situation of the present case, though, there is doubt as to whether it may be said, as respects the weekly indemnity claimed, there was failure of any compliance with that part of the policy which relates to proof or loss. By the policy the appellant bound itself to make "weekly indemnity" of $15, payable presumably in weekly installments, for injury disabling the insured, resulting from the risk or accident insured against. "Notice" of "the injury" is expressly required by the policy to be given "within twenty days after the date of the accident causing such injury," and proofs of loss are expressly required to timely follow "covering the occurrence, character and extent of the loss for which claim is made.". The plain object sought for is satisfactory proof of an injury in fact.to the insured, and of the occurrence and the particulars or details of the accident in the first instance. The aim and purpose does not appear to further provide for separate weekly proofs of loss for each week for the entire period the insured would be disabled. Such further proof covering details or particulars of each separate week's disability would reach only to the duration of the disability and not the cause of the accident. It is believed the policy provisions reasonably point to the interpretation as requiring but one set of proofs, made in the first instance upon the happening of the accident causing the injury, and not weekly as each weekly installment becomes payable thereafter. And if such terms of the policy may be regarded as susceptible of more than one interpretation, then the construction favorable to the assured should be followed. 1 Joyce on Insurance (2d Ed.) §§ 221, 222A. In the present case it was shown that notice was promptly given on June 12th of the accident in suit occurring June 10, 1929. Proofs of loss duly followed on June 17, 1929. No complaint in this respect is here made. It further was made to appear, by the evidence in behalf of appellee, there was a continuous period of disability of the insured due to the single producing cause in suit, and the second period of 33⅗ weeks in suit was not paid, but was in default of payment. The insured made demand of the company for payment through letter. It is believed further formal notice and proof of details or full particulars of each separate week's disability was not demanded by the provisions of the policy and was unnecessary in order to enforce default of payment. It was legally incumbent upon the insured, irrespective of preliminary proofs, to establish by competent evidence in the trial the extent

King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

LEVY, J. (after stating the case as above).

The point is made by appellant that to enable the insured to recover on the policy compliance was necessary with the stipulation requiring the making and furnishing to

and duration of this disability resulting from the alleged accident, and this burden of proof he undertook to discharge.

The point, fundamental in the case, is made by the appellant that the evidence conclusively established that the appellee did not sustain his injuries by "accidental means" within the accident policy. The facts of this case are practically the same as in the case of Standard Accident Ins. Co. v. Cherry in (Tex. Civ. App.) 40 S.W.(2d) 873. The parties are the same in the two cases. In that case it was held that the evidence warranted the finding that the injury to the appellee resulted through accidental means. Carrying the ice in the manner done resulted in unexpected injury, and the injury should be considered as one due to accidental means, as the majority of this court conclude, adhering to their former ruling and to the cases believed to be in point.

The writer is still of the same view, as previously outlined (Cherry Case, supra), of the facts that the bodily injury, resulting proximately and not remotely, from carrying a 200-pound block of ice, should be regarded as merely accidental in result. From a perusal of the decisions an injury through "accidental means" is the product of an intervening agency, not incident to but independent of the original act of the injured person, whether such agency be a catastrophe of nature or the act or event according to ordinary circumstances. A bodily injury in harmony with the preceding act or event is merely accidental in result.

We have considered the remaining assignments of error and think they should be overruled.

The judgment is affirmed.