# Barr et al. v. Dorman, Banking & Securities Commissioner, et al.

(Decided May 23, 1933.)

D. E. WOOLDRIDGE for appellants.

BAILEY P. WOOTTON, Attorney General, S. H. BROWN, Assistant Attorney General, and H. E. NETHERTON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

In June, 1928, the directors of the Oldham Bank & Trust Company and of the People's Bank & Trust Company, both engaged in banking business at La Grange in Oldham county, under authority granted by their respective stockholders, entered into a contract with the directors of the Bank of La Grange, whereby the latter agreed to and did take over their assets and assumed all their liabilities except such as were due or might arise on account of capital stock. It was stipulated in the contract that the proceeds so taken over by the latter bank would first be applied to reimburse it for sums expended in discharging the liabilities assumed; and any assets remaining after it had been fully reimbursed would be immediately returned to the bank from which such assets had been received. Thereafter, by amended charter, the name of the Bank of La Grange was changed to the La Grange Bank & Trust Company.

In May, 1930, the directors of the La Grange Bank

& Trust Company adopted a resolution that the bank suspend business and go into voluntary liquidation and that it be placed in charge of the state banking department for such purpose. The state banking commissioner appointed J. C. Payne special deputy banking commissioner to take charge of the bank for the purpose of liquidation. Later he was succeeded by R. W. Briggs.

W. L. Barr and a number of other creditors of the La Grange Bank & Trust Company instituted this action in the Franklin circuit court against J. R. Dorman, banking and securities commissioner, and R. W. Briggs as special deputy commissioner and liquidating agent for the La Grange Bank & Trust Company, and after setting out the foregoing alleged in substance that the special deputy is incompetent to administer the affairs of the bank and has been derelict and negligent in collecting notes and realizing on assets of that bank and the assets of the other banks taken over by it under the aforementioned contract; that a group of directors of the La Grange Bank & Trust Company have opposed and hindered in every possible way its liquidation; that they urged and indorsed the appointment of defendant Briggs as special deputy and that he is friendly to such group and to their purpose to hinder the liquidation of the bank and has obeyed and deferred to their wishes in that respect; that creditors of the bank have on numerous occasions notified defendant Dorman, as banking and securities commissioner, that no effort was being made by himself or the deputy in charge of the bank to collect the assets or liquidate same and have demanded that speedy liquidation be had but that no action had been taken to correct the condition complained of. It was further alleged that there are more than 1,650 creditors of the bank, and on account of the impracticability of bringing all of them before the court, plaintiff asked to be permitted to sue for and on behalf of all the creditors.

The prayer of the petition is for the removal of R. W. Briggs as special deputy commissioner and that the liquidation of the bank be removed from the hands of the banking and securities commissioner and a competent person appointed by the court as receiver to liquidate the bank.

Before answer or other pleading had been filed, plaintiff, pursuant to notice, entered a motion for judgment as prayed for in the petition, but counsel for defendants appeared and objected to the motion and asked and were permitted to file a special demurrer to the petition and without waiving same filed a general demurrer thereto.

The court overruled the motion for judgment as prayed for in the petition and sustained the special and general demurrers, and plaintiffs declining to further plead, it was adjudged that the petition be dismissed and plaintiffs are appealing.

One of the grounds of the special demurrer is that the Franklin circuit court has no jurisdiction of the defendant or of the subject-matter of the action and the conclusion reached renders it unnecessary to discuss any other question or phase of the case.

As we view the matter, there is no necessity for looking beyond chapter 17, Acts of 1932, establishing the banking and securities department of Kentucky to determine the decisive question presented. It will be noted that this act re-enacts many of the former sections of the statute relating to banks and banking and the duties of the banking and securities commissioner with respect thereto.

Section 15 of the act (formerly section 165a-14, Kentucky Statutes) provides that the banking and securities commissioner shall cause to be examined such banks as may be placed in the hands of a receiver the same as in case of other banks until its affairs are wound up and that a copy of such examination shall be filed with the clerk of the circuit court in the county where such bank is located.

Section 17 of the act (formerly section 165a-16, Kentucky Statutes), relating to insolvent banks or banks pursuing a dangerous and unsafe policy, provides among other things that the commissioner may, if he deems it necessary, cause a petition to be filed in the circuit court of the county where such bank is located asking for the appointment of a receiver for the bank and for a hearing in determination of the question by the court.

Section 18 of the act (formerly section 165a-17, Kentucky Statutes), relating to the appointment of special deputy banking and securities commissioners to

assist in liquidating the debts and assets of insolvent banks, provides that whenever the commissioner or his deputy shall take charge of any bank under the provisions of the act, he shall, within 30 days thereafter, file in the office of the clerk of the circuit court of the county in which the bank is located, a detailed statement of the assets and liabilities of the bank; and thereafter upon the first day of each succeeding session of the court of such county and every 60 days in counties having courts of continuous session, he shall file a similar report; and further that any person, firm, or corporation may by petition addressed to the circuit court have any act of the commissioner reviewed in the same manner and with the same rights and powers as would have attached had such commissioner been a receiver appointed by the court.

The sole purpose of judicial construction of statutes is to determine and give effect, if possible, to the legislative intent. Since the term "construction" or "interpretation" necessarily presupposes doubt or obscurity in the language employed in an act, it is only where these elements exist that courts are authorized to resort to assisting rules of construction.

Sections 15, 17, and 18 of the act under consideration are so clear, explicit, and free from doubt or obscurity as to the purpose and intention of the Legislature as to render them self-interpretative. There is no necessity for looking beyond the language of the act to determine the purpose and intent of the Legislature with respect to the jurisdiction of the circuit court concerning the liquidation of banks placed in the hands of a receiver or of the banking and securities commissioner or his deputies. The intention to confer upon the circuit court of the county in which such bank is located exclusive jurisdiction could not have been more clearly expressed. However, it is insisted by counsel for appellant that even though the Franklin circuit court did not have jurisdiction to hear and determine this cause, appellees entered their appearance and waived that question by objecting to judgment being entered in conformity with the prayer of the petition and by filing a general demurrer. The record clearly discloses that counsel for appellees merely objected to any further action being taken in the cause until they had opportunity to file their special demurrer and that

the general demurrer was filed without waiving the special demurrer. In such circumstances we are constrained to hold that appellees did not enter their appearance nor did they waive the question of jurisdiction. See Louisville Home Telephone Co. v. Beeler's Adm'r, 125 Ky. 366, 101 S. W. 397, 31 Ky. Law Rep. 19, and cases therein cited.

It follows therefore that the court did not err in sustaining the special demurrer and this conclusion renders it unnecessary to determine any other question presented.

Judgment affirmed.