## Turner, County Judge, et al. v. Hagins.

(Decided June 20, 1933.)

18

KASH C. WILLIAMS and A. M. RUSSELL for appellants.
E. C. HYDEN for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The sole question presented for determination in this case is the right of a holder of a warrant issued by the fiscal court of a county of this commonwealth to demand and collect of the county, 6 per cent. interest from its date until paid, without presenting it for payment to the county treasurer, not more than thirty days after the date of the allowance of the claim by the court as required by section 1840a, Ky. Stats. The Legislature by an act of March 1926, c. 171, p. 783, sec. 22, attempted to repeal section 1840a, but the repealing act was held unconstitutional as a whole. Felts, County Attorney v. Linton, 217 Ky. 305, 289 S. W. 312. Since the institution of this action and the rendition of the judgment herein, the Legislature at its 1932 Session (chapter 24, p. 127, sec. 25) repealed section 1840a, Ky. Stats., with the proviso that the repealing act should not become effective until January 1, 1933. Such repealing act in no way affected the prior judgment.

On the 10th day of August, 1926, J. Wise Hagins, in an action pending in the Breathitt circuit court, recovered a judgment against Breathitt county for the sum of $973.76 with interest thereon from date until paid. On the 13th day of April, 1928, he caused the fiscal court of Breathitt county to issue, and it issued

to him, a warrant, on its face, for the sum of $973.76. It was directed to the treasurer of the county for payment out of the funds of the county. No copy of the warrant appears in the record, but in the consideration of the case we shall treat it as complying with the statutes authorizing and controlling the issuance of warrants by the fiscal court on claims presented to it. This action was filed setting forth these facts and alleging that the warrant had been presented to the treasurer of the county and payment demanded thereon, but refused. The petition charges that it was presented to the treasurer of Breathitt county, "at divers times" and payment demanded, but that its payment was continuously refused; that taxes had been levied and collected every year since its issuance, and the funds paid to the treasurer of the county, but the warrant had not been paid out of funds collected for any year. A mandamus was sought to compel the fiscal court to pay the original judgment in satisfaction of which the warrant was issued, including interest and costs of the action.

Hagins argues that the warrant in this case is distinguished from the ordinary warrant issued by the fiscal court, directed to the treasurer of the county and payable out of the county's funds, in that a judgment had been rendered against the county, and that the judgment did not merge; that the right to enforce the judgment continued, notwithstanding the issuance and his acceptance of the warrant. We cannot concur in this view. When the county warrant was issued by the fiscal court and accepted by Hagins in satisfaction of the judgment, it was clearly the intention of Hagins and the fiscal court that his right or remedy to enforce the judgment should terminate. His right to enforce the judgment was not identical with his right to collect the warrant. His right after the issuance of the warrant was exclusively that arising from the warrant itself. It needs no authority to sustain the statement that after the issuance and acceptance of the warrant that he was not thereafter privileged to enforce, at his election, the judgment, or warrant, or both, as he here insists. His election to accept and his acceptance of the warrant were a complete satisfaction of the judgment.

It must be presumed that such was the intention of Hagins and the fiscal court in the absence of an expressed reservation to the contrary.

The county in its answer consented to pay the $973.96 without interest, but it denied its liability for the 6 per cent. interest thereon from the date of the warrant until paid. A decree was entered directing and requiring the treasurer of Breathitt county to pay to Hagins' attorney, within thirty days after the date of the judgment, the $973.96, with interest thereon from the 10th day of August 1926, until paid. The members of the fiscal court and the treasurer of Breathitt county, have entered a motion for an appeal. It is their contention that section 1840a is not merely directory, but mandatory, and that a county warrant may be directed to be issued to bear interest at the rate of 6 per cent. per annum on the amount of the face of it, provided it shall be presented for payment to the county treasurer, not more than 30 days after the date of the allowance, and that if payment shall be refused it shall draw interest at the rate of 6 per cent. per annum from that date until paid, or until called in for payment by the treasurer of the county, with the right in the fiscal court to anticipate the revenue for the current year and borrow money upon the faith thereof at the lowest rate of interest. It is our duty to construe this section as it is written (Goose Creek Lumber Co. v. White, 219 Ky. 739, 294 S. W. 494), and so as to give it force and effect (Morrell R. Car Co. v. Com., 128 Ky. 447, 108 S. W. 926, 32 Ky. Law Rep. 1383; Lanferman v. Vanzile, 150 Ky. 751, 150 S. W. 1008, Ann. Cas. 1914D, 563). The language of the section is unambiguous and it must determine the intent and purpose of the section. Western Ky. Coal Co. v. Nall & Bailey, 228 Ky. 76, 14 S. W. (2d) 400. To construe it as it is insisted by Hagins, renders it nugatory. To entitle him to demand and collect interest on the warrant, it was his imperative duty to present it within the time and as provided by this section. It is neither alleged nor proven that the requirement of section 1840a was complied with by Hagins. It is true he alleges that "payment was demanded at divers times and refused," but no evidence was offered to sustain this allegation. His attorney testified to the effect that he induced an individual to go to the treasurer of the county and demand payment of the warrant and that it was refused. The date thereof is not shown by the evidence, nor is the individual, who, he claims, made the demand of the county treasurer, introduced to show a demand was actually made. Re-

garding section 1840a, as we must, as mandatory, in its requirements as to the holder of a county warrant presenting it and demanding payment as therein provided, in connection with the entire absence of any evidence of a demand of the payment of Hagins' warrant and the refusal of the county treasurer to pay it, it is our conclusion that the trial court erred in allowing a recovery of the interest.

The judgment not being in harmony herewith, the motion for an appeal is sustained, appeal granted and the judgment reversed for proceedings consistent with this opinion.