## NATIONAL LIFE & ACCIDENT INS. CO. v. AGEE.

### No. 3565.

Court of Civil Appeals of Texas. Amarillo.
Feb. 25, 1935.

Rehearing Denied March 25, 1935.

King, Mahaffey, Wheeler & Bryson, of Texarkana, for appellant.

Wm. V. Brown, of Texarkana, for appellee.

JACKSON, Justice.

Burnes Agee, plaintiff, obtained a judgment in justice court, precinct No. 1, in Bowie county, Tex., for the sum of $112 against the defendant, the National Life & Ac-

cident Insurance Company, from which it appealed to the district court; the case was tried de novo before a jury, and plaintiff recovered a judgment for the sum of $162 and the defendant prosecuted this appeal.

In response to special issues, the jury found, in effect, that in September, 1932, accidentally and through violent means, the plaintiff received an injury to his left eye, which destroyed the sight of the eye within 90 days from the date of the injury.

The appellant contends that the uncontroverted testimony shows that the alleged injury to plaintiff's eye was not caused accidentally or through accidental means, and the court erred in refusing to direct a verdict in its behalf.

The testimony shows that the plaintiff was an experienced cook, and was at the time, and had been for 4 years prior to the injury, cooking for the Mayflower Grill at Texarkana, Tex.; that he put on a skillet, got some brains that were frozen and put them in the grease, which was hot, and the hot grease and the brains spattered in his face, some of which hit him in the left eye and caused the injury and loss of sight. He testified that he knew from experience that ice, water, or frozen brains put in hot grease would cause it to "pop out," and that on prior occasions he had had hot grease hit him on the face, head, and arms when ice, water, or frozen articles of food were placed in the grease, but never in the eye.

The policy was issued in the principal sum of $400, and the material part of the provisions relied on for a recovery are as follows: "Indemnity for specific losses from accidental injuries. If due directly * * * from a bodily injury which is sustained while this policy is in force and which is affected accidentally and through external and violent means * * * the insured shall within ninety days of the date of such injury, suffer" the accidental loss of one eye, he shall receive one-fourth of the principal sum of the policy, or $100.

Chief Justice Cureton in International Travelers' Association v. Francis, 119 Tex. 1, 23 S.W.(2d) 282, 283, said: "The policy was payable upon death caused by 'external, violent and accidental means.' * * * The occasion of the death was a dental operation—the pulling of a wisdom tooth and its related treatment. * * * The drawing of the tooth and treatment following were of course purposeful and not accidental, but the infection was not the necessary or usual result of this purposeful act. It was extraordinary, unusual, and very rare."

In Standard Accident Ins. Co. v. Cherry, 40 S.W.(2d) 873, 875 (writ refused), the Court of Civil Appeals at Texarkana, in a majority opinion, held: "Carrying the ice in the manner done resulted in unexpected injury, and the injury should be considered as one due to accidental means. The cases in point and which rule the facts are: United States Mut. Accident Ass'n v. Barry, 131 U. S. 100, 9 S. Ct. 755, 33 L. Ed. 60; Bryant v. Casualty Co., 107 Tex. 582, 182 S. W. 673, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517; Pledger v. Accident Ass'n (Tex. Com. App.) 228 S. W. 110; International Travelers' Ass'n v. Francis [119 Tex. 1], 23 S.W.(2d) 282; and many similar cases."

See, also, Standard Accident Ins. Co. v. Cherry (Tex. Civ. App.) 48 S.W.(2d) 755 (writ refused); Massachusetts Bonding & Insurance Co. v. Le May (Tex. Civ. App.) 28 S.W. (2d) 259; United States Fidelity & Guaranty Co. v. Hardeman (Tex. Civ. App.) 22 S.W. (2d) 1112 (writ refused).

The judgment is affirmed.