## McGlone et al. v. Horton et al.

(Decided March 19, 1935.)

JNO. M. THEOBALD for appellants.

S. S. WILLIS and A. C. JARVIS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Farris McGlone, individually and claiming to be superintendent elect of the common schools of Carter county, and A. N. McGlone, George Owen, Walter Buck, and John Maggard, individually, and as members of the Carter county board of education, are appealing from a judgment dismissing the petitions in the consolidated actions of Farris McGlone et al. v. Herman Horton et al., No. 2881, and Farris McGlone v. Herman Horton, No. 2888.

In action No. 2881, Farris McGlone and the other appellants on May 29, 1934, filed a petition in equity against Herman Horton, Henry Evans, individually, and as chairman and a member of the board of education, and Laura McGlothin, superintendent of schools of Carter county, alleging that the term of office of Laura McGlothin expired on July 30, 1934, and that Farris McGlone had been appointed and elected by the Carter county board of education to fill the vacancy and his term of office fixed at four years; that defendants had conspired with other members of the boards of trustees of the Corey, Grahn, Hitchins, and Soldier graded school districts in Carter county, and over objections of plaintiffs had attempted to unlawfully make about twenty-five more members of the county board of education and to permit them to vote for a superintendent of schools of Carter county, and had wrongfully and unlawfully attempted to elect defendant Herman Horton as superintendent for a time covering at least a portion of the term fixed for Farris McGlone; and, further, that the defendants had unlawfully and forcibly held the record books of the Carter county board of education and attempted to forcibly and unlawfully make the trustees of the graded districts members of such board.

They prayed that appellees Evans and McGlothin be enjoined and restrained from permitting the trus-

tees of the above-named graded districts from acting as members of the county board of education and from recording their attempted acts or incurring or assuming any indebtedness or obligations of such district and from permitting them to vote for school superintendent and enjoin and restrain them from permitting appellee Horton to qualify or act as superintendent and that Farris McGlone be declared appointed and entitled to the office of school superintendent for the term indicated. By an amended petition, the members of the graded school district above enumerated were made parties defendant and the right of appellant to the relief sought was elaborated by further allegations.

On June 23, 1934, Farris McGlone instituted action No. 2888 against Herman Horton, alleging his qualifications and eligibility at all times mentioned in his petition to act as superintendent of schools of Carter county, and his appointment or election to that office by the county board of education for a period of four years, beginning July 1, 1934; that Horton was wrongfully claiming to be elected to such office for an indefinite term by the trustees of some of the graded school districts of Carter county, and was wrongfully threatening to prevent and interfere with plaintiff in assuming and exercising the functions of his office, and unless enjoined and restrained would prevent him from assuming his duties.

He asked for a declaration of rights under the Declaratory Judgment Act (Civil Code of Practice sec. 639a—1 et seq.) and that he be adjudged entitled to the office of superintendent and to assume and perform the duties and functions thereof and that Herman Horton be enjoined and restrained from interfering with him in so doing.

The facts are that at a regular meeting of the Carter county board of education held on March 17, 1934, a resolution was adopted which reads:

"4. Since cooperation of the Carter County School District with the eight different districts in Carter County is desirable in order to provide a more proficient and economical administration of schools, it is hereby ordered by the Carter County Board of Education upon motion of Maggard, seconded by Owens and by vote of Evans, Maggard, Owens

456

and Buck, McGlone being absent, that these districts combine in accordance with the provisions of section 4475a-1, of Kentucky Statutes."

Notice of this action upon the part of the county board of education was given to the various graded school districts of the county by the superintendent of schools. On April 15, 1934, the board of education of the Grahn graded school district adopted an order and resolution reading:

"Since cooperation of the Grahn Graded school district with the Carter County School system is desirable in order to provide more efficient and economic administration of schools, and since the Carter County Board of Education has taken action to effect such cooperation, it is hereby agreed and ordered by the board of trustees of the Grahn graded school district that this district combine with the Carter County district in accordance with the provisions of section 4475a-1 of Kentucky Statutes."

The Corey, Hitchins, Soldier, and Carter graded school districts adopted orders and resolutions of similar purport and effect on various dates thereafter up to and including April 28, 1934, and all these orders and resolutions were duly certified to the county board of education.

At a meeting of the county board of education held on April 28, 1934, as shown by the records of the board, it appears that the minutes of the previous meetings were read and approved by a majority of the board members, Maggard and McGlone voting against such approval. The minutes, after referring to the quoted order entered on March 17, recited that the Grahn, Corey, Soldier, Hitchins, and Carter graded school districts had taken proper action through their respective boards and same had been duly certified and recorded and filed in the office of the county board of education and that the following trustees of such districts appeared in person:

"R. C. Jordan, L. R. Ernest, R. O. Blevins, Homer Phillips, Charles Maggard, Wm. Durham, I. D. Blair, J. B. Adams, W. R. Kelly, J. R. Vincent, Loyd Webb, J. F. Burton, T. T. Bays, A. F. Rice,

Ernest Whitt, C. M. Clay, Ollie Jarvis, Wayne Kelly, O. H. Gee, Boyd Kiser, E. G. Fultz, Mart Counts, N. Abraham and W. R. Blevins.''

Thereupon, by a vote of all members present, except Maggard and McGlone who voted against it, it was ordered that the acceptance by the above-named graded districts, as provided by section 4475a-1, Kentucky Statutes, the county assuming the debts of such districts and taking over their property and assets, be confirmed, and that the trustees thereof be recognized as additional members of the county board, and that they took the oath of office which was administered by the county court clerk. At this meeting, one of appellant members of the county board of education offered a resolution that the order of the board adopted on March 17 be set aside and the matter held in abeyance until further information could be obtained as to the indebtedness of such districts as may desire to merge with the county system, and if, after procuring such information, the merger was desirable, the county board and the boards of the various districts desiring to merge should comply with the laws respecting concurrent resolutions of the respective boards. The record shows that appellants Maggard, McGlone, Owens, and Buck voted for the resolution and that appellee Evans and the newly qualified members for the graded districts voted against it, and the resolution was lost. At this meeting the board took up the matter of electing a superintendent for the ensuing term and Farris Mc-Glone, Herman Horton, and three others were placed in nomination, four ballots being taken. On the last ballot Herman Horton received a majority of votes cast and the minutes recite that he was thereupon elected unanimously by a viva voce vote. The meeting adjourned to meet at Olive Hill on May 19, 1934.

This meeting was attended by the five members composing the old county board and eleven members who had come in from the graded school district. The minutes of the previous meeting were read and approved by a majority of the votes, the record showing McGlone, Maggard, and Owen voting against the approval and Buck not voting. The minutes show that a resolution which McGlone, Maggard, Owen, and Buck presented through an attorney was duly declared out of order by the chairman, whereupon the attorney instructed such members to retire from the room for a

458

special or separate board meeting which they did. They immediately went into separate session and elected a chairman and secretary and the minutes of the former meeting in which the trustees from the graded school districts participated were disapproved and held for nought and Farris McGlone was elected county superintendent for a term of four years beginning July 1, 1934.

At a meeting of the county board of education held on June 16, 1934, an order was entered that the term of office of Herman Horton, as superintendent elect, be four years and his salary fixed at $2,400 per annum.

It is argued by counsel for appellants, in substance, (1) that there was not a valid merger of the graded districts with the county district; and (2) if there was such a merger, the trustees of the graded school district did not become members of the county board for all purposes and had no right to participate in the election of the school superintendent; and (3) that the alleged election of Horton, as superintendent, having been for the ensuing term, which was two years, the trustees did not have authority to increase and enlarge the term to four years which it attempted to do after the consolidated actions were instituted.

There is a considerable volume of evidence concerning the acts of appellants and appellees tending to show irregularities and high handed methods upon part of appellees, but, on the whole, considering the minutes of the various meetings in connection with the parol testimony, it is apparent that the finding of the chancellor is amply supported by the evidence.

When we come to a consideration of the legal questions presented, it is found that section 4475a-1, which was in full force and effect when the actions complained of were taken, reads:

> "When cooperation of a graded common school district with the county school system of the county in which the graded school is situated becomes desirable in order to provide more economical or efficient administration of schools, the board of trustees of the graded school district and the county board of education may by concurrent action combine the graded school district with the county district, and the members of the board of

trustees of the graded school district may serve as additional members of the county board of education for the remainder of the terms for which they were respectively elected, and the county board of education shall assume all legal liabilities and assets of such school district.''

A provision similar to this section was carried into the school code enacted in 1934 (see chapter 65, Acts 1934 [article 5, sec. 4]).

The quoted section of the statute is couched in plain, definite, unambiguous terms respecting the status of graded school trustees in the event of a merger with the county school system. Courts, when called upon to construe a statute, will assume that the words and phrases employed therein were used in their usual and ordinarily accepted sense and meaning, and, in the absence of doubt and ambiguity, will uphold and enforce the statute as written. American Tobacco Co. v. City of Bowling Green, 181 Ky. 416, 205 S. W. 570; Commonwealth v. Glover, 132 Ky. 588, 116 S. W. 769; Turner v. Hagins, 250 Ky. 17, 61 S. W. (2d) 899; Hawley Coal Co. v. Bruce, 252 Ky. 455, 67 S. W. (2d) 703.

As indicated in Barr et al. v. Dorman, Banking Commissioner, 249 Ky. 367, 60 S. W. (2d) 939, the term ''construction'' necessarily presupposes obscurity, doubt, or uncertainty in the language employed in an act and it is only where these elements exist that courts may resort to aiding or collateral rules of construction. In determining the validity or construction to be given a statute, the courts are not concerned with and will not inquire into its wisdom or lack of wisdom. Fiscal Court of Pendleton County v. Pendleton County Board of Education, 240 Ky. 589, 42 S. W. (2d) 885. Whether the act in controversy was wise or unwise is a matter that addresses itself to the Legislature and not the courts. Since this statute unequivocally provides that, upon a merger as contemplated by it, the trustees of the graded school districts may serve as members of the county board of education without any conditions or restrictions upon their rights and powers as such members, it is manifest and we are constrained to hold that if the merger of the districts was properly effected, the trustees of the various graded districts became members of the county board of education and were clothed with all authority conferred by law upon the members of such boards.

It is argued, however, by counsel for appellants that the action by the county board of education and by the various graded districts looking to the merger or combination of such districts was not concurrent within the meaning of the statute. Webster's New International Dictionary (2d Ed.), among other things, defines the word "concurrent" as, "acting in conjunction; agreeing in the same act or opinion; contributing to the same event or effect; cooperating. * * *" In cases from foreign jurisdictions we find this term defined as concurrence in opinion, agreement, meeting of minds, consent, approval, to come together in opinion or action, agreeing in the same act, contributing to the same event or effect, two boards acting separately in session, but concurring in the same result. Corkery v. Security Fire Insurance Co., 99 Iowa, 382, 68 N. W. 792; State v. Johnson, 170 N. C. 685, 86 S. E. 788; Great Northern Utilities Co. v. Public Service Commission, 88 Mont. 180, 293 P. 294. See, also, 12.C. J. 393. In Connecticut Fire Insurance Co. v. Union Mercantile Co., 161 Ky. 718, 171 S. W. 407, the term is defined in substance as running together and co-operating or contributing to the same effect, and Nicoulin v. O'Brien, 172 Ky. 473, 189 S. W. 724, is to the same effect. None of the cases indicate that the term, as used in the quoted section of the statute, means that the boards must act simultaneously and in joint session.

In the case of Fiscal Court of Pendleton County v. Pendleton County Board of Education, 240 Ky. 589, 42 S. W. (2d) 885, it appears that the trustees of the Butler graded school district communicated to the county board of education its desire to enter into the public school system of the county with the understanding that the graded school board would be allowed to retain management of the school during the remainder of the year and until June 30, and thereafter the control of the school should pass to the Pendleton county board. A resolution to that effect was certified to the county board of education. The county board, after setting forth in effect the communication, declared that the application was accepted to take effect on the date indicated in the resolution. It was held that this action met the requirements of the statute calling for concurrent action of the boards.

In the case of Gibson v. Wilson, 240 Ky. 524, 42 S. W. (2d) 710, the county board and the graded dis-

trict trustees effected a merger at a joint meeting and this was upheld. The statute requires actions upon the part of separate entities to bring about a merger of the districts and it is immaterial whether such actions be taken in joint or separate meetings. It was all looking to the same purpose and to bring about the same result.

Our conclusion is that there was a sufficient compliance with the formal requirements of the statute respecting concurrent actions upon the part of the board of education and the graded district boards.

Concerning the third ground argued for reversal, little more need be said, since it follows from what we have already said that Herman Horton was legally elected as superintendent of the common schools and Farris McGlone was not elected to that position, and in such circumstances it is unnecessary to determine whether Horton may serve for a term of two or for four years.

Judgment affirmed.