## BENEFIT ASS'N OF RY. EMPLOYEES v. O'GORMAN.

No. 14749.

Court of Civil Appeals of Texas.
Fort Worth.

May 17, 1946.

Rehearing Denied June 14, 1946.

Bert King, Harold Jones, J. Walter Friberg, and King, Dawson & Jones, all of Wichita Falls, for appellant.

E. W. Napier, of Wichita Falls, for appellee.

McDONALD, Chief Justice.

Appellee brought this suit to recover certain monthly benefits alleged to be due him under a policy of accident insurance. Trial to a jury resulted in a judgment for appellee on the basis that he had suffered six months total disability and three months partial disability.

The accident occurred on May 26, 1942. On or about June 16, 1942, appellee furnished appellant with a proof of loss which consisted of a printed form containing certain inquiries and appellee's answers to the inquiries. One of the inquiries reads, "For what length of time do you claim indemnity?" the answer being, "4 weeks." On July 14, 1942, appellant wrote appellee a letter which, omitting the formal parts, reads as follows:

"Following our letter of June 30, we had a complete report from our inspector on your case and after submitting what we believe to be the facts to our National Office Claim Board, the Claim Department is directed to serve notice upon you that we cannot recognize any claim on account of the condition of your back that is said to have arisen on or about May 26. Our check-up does not confirm any total disability as stated in proof and letter. The record would appear to show that you have been able to carry on as usual, or substantially so, at all times.

"Acting further under the directions of the above mentioned Board, this letter will serve as notice that Policy 802450 is being cancelled in accordance with its terms and provisions, our records being marked accordingly. All of the rights and defenses of the Association are reserved in every particular.

"If our report on your ability to continue at work is considered inaccurate, we will be glad to take that question up with your superiors in railroad service with a view to determining what the railroad records reveal along this line. We are quite sure, however, that our inspection of the case has done no injustice to you."

On September 29, 1944, appellee filed his original petition in this suit, alleging and seeking indemnity for one month total disability and one month partial disability following the date of the accident. On March 20, 1945, appellee filed his first amended original petition, alleging and seeking indemnity for total disability for six months and partial disability for one month. In his second amended original petition, filed on May 29, 1945, appellee alleged six months total and three months partial disability. The same extent of disability was alleged in his third amended original petition, filed on July 16, 1945, and upon which appellee went to trial.

The jury found six months total and three months partial disability consecutively following the date of the accident. Other findings need not be noted here.

Both parties appear to consider that the judgment of the trial court is predicated on the theory that the proof of loss given on June 16, 1942, claiming indemnity for four weeks total disability, was insufficient to support the claim finally sued on for six months total and three months partial disability, and that the case turns in part on the question of waiver of proof of loss by appellant by virtue of the writing of the letter above set out.

■■ In view of the cases to be cited, it seems to us that the proof of loss was sufficient to support the claim sued on and the judgment rendered, even though claim was finally made for a greater amount than that indicated in the proof of loss furnished in June of 1942. And this is especially true in view of the language of the letter written by appellant to appellee in response to the proof of loss. In this letter appellant plainly denied that appellee had suffered disability on account of the condition described in the proof of

loss, and notified appellee that appellant could not recognize any claim on account of the condition of his back said to have arisen on or about the date of the accident. Appellee could not reasonably have supposed that any additional proof would bring about a change of attitude on appellant's part. In Hohn v. Interstate Casualty· Co., 115 Mich. 79, 72 N.W. 1105, the proof of loss claimed five weeks' disability, whereas, nine weeks disability was claimed in the suit. The insurer refused to pay any of the claim on the ground that immediate notice of the accident was not given as required by the policy. The court held that the insurer could not avoid part of its liability because of failure to furnish proof of the duration of disability where it had informed plaintiff that no matter what his proof might be, it would not pay. In a somewhat similar situation, the court in Mellen v. United States Health & Accident Ins. Co., 83 Vt. 242, 75 A. 273, after holding that the denial of liability there made was a waiver of proof of loss, further held that plaintiff was not necessarily limited in his recovery to the period of disability shown by the proof of loss. We regard Standard Acc. Ins. Co. v. Cherry, Tex.Civ.App., 48 S.W.2d 755, writ refused, as determinative of the question under discussion. There the insured suffered a period of disability, and later suffered a second period of disability resulting from the same cause extending over a period of 33 weeks. He had filed a proof of loss covering the first period of disability, but not covering the second, although the insured made demand in the suit for payment of disability for the second period. Without repeating the discussion contained in the opinion cited, we refer to it, and interpret it as holding that the proof of loss filed was, under the circumstances there described, sufficient to comply with the terms of the policy. The court stated that only one set of proofs was required, and not additional proofs as the disability continued and further indemnity payments became due. In other cases, such as those involving fire insurance and like claims, it is held that recovery is not necessarily limited to the amount set out in the proof of loss, and this seems particularly to be

the rule in cases where the insurer denies all liability upon receipt of the proof of loss. Fidelity Union Fire Ins. Co. v. Ballew-Satterfield Co., Tex.Civ.App., 10 S.W. 2d 163; Corkery v. Security Fire Ins. Co., 99 Iowa 382, 68 N.W. 792. Nor does it seem that an insured is necessarily estopped from suing for more than the amount claimed in the proof of loss, where the insurer has not accepted and paid the claim as set out in the proof of loss or otherwise acted to its detriment by reason of the statements made in the proof of loss, although the statements made therein by the insured may be treated as admissions against interest. Ocean Accident & Guarantee Corporation v. Moore, 8 Cir., 85 F.2d 369, certiorari denied, 299 U.S. 609, 57 S.Ct. 235, 81 L.Ed. 449; United States Casualty Co. v. Perryman, 203 Ala. 212, 82 So. 462. Appellant urges that the filing of suit for only one month total and one month partial disability, and testimony given by him in a deposition taken shortly thereafter, constitute additional facts giving rise to the defense of estoppel. We overrule the contention for reasons suggested by what has already been said.

■ Appellant urges that the judgment is based on the theory that proof of loss was waived, and that such theory of recovery cannot be sustained because appellee did not submit issues to the jury touching upon the matter of waiver. Rule 279, Texas Rules of Civil Procedure, provides in part that upon appeal all grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived. If we be correct in holding that the proof of loss filed was sufficient to support recovery of an enlarged claim, then we do not get to this contention. But if we be in error, then we hold that waiver of proof of loss was conclusively established under the evidence, and therefore that submission of waiver to the jury was not required. The only evidence relating to waiver of proof of loss was the letter above set out. The interpretation of that letter was a problem for the court, not for the jury.

Appellant vigorously contends that the suit is barred by the following policy provision:

"No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after proof of loss has been filed in accordance with the requirements of this policy, nor shall such action be brought at all unless within two years from the expiration of the time within which proof of loss is required by the policy."

The time within which proof of loss is required is determinable from the following provision of the policy:

"Affirmative proof of loss must be furnished to the Association in case of claim for loss of time from disability within ninety (90) days after the termination of the period for which the Association is liable. * * *"

To our minds the policy provision is violative of Article 5545, Revised Civil Statutes, because under the quoted provision of the policy the insured is not permitted to file'suit until sixty days after proof of loss is filed, but must file suit, not within two years after the expiration of this sixty day period, but within two years from the expiration of the time within which proof of loss is required. The stipulation being invalid, the four year statute, Art. 5527, is applicable, and it is undisputed that the suit was brought within four years. Without discussing this matter further, we refer to Fire Ass'n of Philadelphia v. Richards, Tex.Civ.App., 179 S.W. 926; Taylor v. National Life & Accident Ins. Co., Tex.Civ.App., 63 S.W.2d 1082, writ dismissed; American Surety Co. of New York v. Martinez, Tex.Civ.App., 73 S.W.2d 109, writ refused; Culwell v. St. Paul Fire & Marine Ins. Co., Tex.Civ.App., 79 S.W.2d 914, writ dismissed; and other cases therein cited.

We do not see fit, however, to dispose of the limitation question on the ground of invalidity of the policy provision, because of the state of the pleadings. Appellant pleaded the contract provision in defense of the suit. Appellee did not by replication question the legality of the provision, and therefore, by reason of Rule 94, we doubt if the legality of the provision in question is before us on this appeal. Rule 94 provides in part:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * * illegality * * * and any other matter constituting an avoidance or affirmative defense * * *."

Before the adoption of the present rules of procedure the illegality might have been noticed at any time, either by the trial court or by the appellate court, but we doubt if we can now do so under the state of the record before us. Reid v. Associated Employers Lloyds, Tex.Civ.App., 164 S.W.2d 584, writ refused; Federal Underwriters Exchange v. Craighead, Tex.Civ.App., 168 S.W.2d 699. We have referred to the possible invalidity of the policy provision lest we might be thought to have construed it as valid.

Assuming for the purposes of this appeal that appellee was required to bring suit within two years from the expiration of the time within which proof of loss was required by the policy, we think that the defense is not applicable to the facts of this case. We again point out that the suit is required by the policy to be brought within two years from the expiration of the time within which proof of loss is required to be filed, and not within two years from the time proof of loss is actually filed.

The accident occurred on May 26, 1942. In the original petition filed on September 29, 1944, appellee alleged one month total and one month partial disability. The disability thus alleged ended on July 26, 1942. Under the policy provision he was thus required to sue within 90 days plus two years from the last mentioned date. Clearly he did that. In his first amended petition filed on March 20, 1945, he alleged six months total and one month partial disability. This alleged period of disability ended on December 26, 1942, and under the policy he was required to sue within ninety days plus two years from the last mentioned date. This he did. The second amended petition alleged an additional two months partial disability, and was filed on May 29, 1945, shortly after ninety days plus two years after the termination of

the period of disability last alleged. We do not consider that limitation bars recovery of the second and third month of partial disability thus alleged for the first time in the second amended petition, in view of the provisions of Gen.Laws, 42 Leg., 1931, p. 194, Vernon's Ann.St.Art. 5539b, because the additional item contained in the last mentioned amendment did not grow out of a new, distinct, or different transaction or occurrence from that stated in the original petition, but was simply an enlargement of the original claim. Greever v. Persky, 140 Tex. 64, 165 S.W.2d 709.

■■ Appellant also urges that the evidence does not support the finding of six months total and three months partial disability. When we examine the evidence in the light most favorable to the verdict, as we must do, we believe that there is sufficient evidence to support the verdict. In cases too numerous to cite, the courts of this State have gone very far in upholding verdicts of total disability, even where the claimant has worked during the alleged period of disability, and even in cases where he has suffered no loss of wages during such period. It does not lie within the authority of this court to overturn those decisions.

■ The jury found $350 to be a reasonable attorney's fee. Appellant charges that this is excessive. Judgment was for $900 benefits due under the policy, $108 statutory penalty, interest from November 26, 1942, to the date of the judgment, and $350 attorney's fee. In view of the amount involved, we are not inclined to believe that the finding as to attorney's fee is so excessive as to warrant the setting aside of the verdict in this particular. In Ætna Life Ins. Co. v. Tipps, 132 Tex. 213, 121 S.W. 2d 324, the Supreme Court upheld an award of $500 as attorney's fee in a suit on a policy in the sum of $1,000. While appellant cites several decisions of Courts of Civil Appeals in support of its contention, we believe that the Supreme Court decision just cited is more nearly in point when considered from the standpoint of the amount in controversy and the amount of the judgment recovered.

Appellant's last point of error is to the effect that the entire verdict, taken in connection with the meager testimony, is such as to reflect that it is the result of passion. While the evidence is weak, we do not feel authorized to set the verdict aside, after comparing the evidence with that in many cases of like nature where the verdict has been upheld on appeal.

The judgment of the trial court is affirmed.